COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


DEAN STEEL ERECTION CO., INC. AND
  VIRGINIA SURETY COMPANY
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 3054-05-3              JUDGE ROBERT P. FRANK
                                                   JULY 11, 2006
JERRY L. ARBAUGH


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Rebecca L. Dannenberg (Lauren M. Piana; Franklin & Prokopik,
              P.C., on briefs), for appellants.

              Terry L. Armentrout (Armentrout & Armentrout, P.L.C., on brief),
              for appellee.


       Dean Steel Erection Co., Inc. and Virginia Surety Company (collectively employer)

appeal a decision by the Workers' Compensation Commission:  (1) finding that claimant

suffered a new injury by accident on August 1, 2003, and (2) awarding claimant indemnity

benefits from September 8, 2003 through the present and continuing.  For the reasons stated, we

affirm the commission.

                                      BACKGROUND

       On appeal, we view the evidence in the light most favorable to the prevailing party

below.  R. G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

       On May 30, 2002 claimant suffered a compensable back injury while employed with

Dean Steel Erection.  Dr. Ritchie Gillespie diagnosed claimant with "a large left sided and

central L4-5 herniation with bilateral lower extremity radicular complaints."  Claimant

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

subsequently underwent back surgery and was later returned to light duty under a work restriction of lifting no more than thirty (30) pounds. Claimant had appropriate follow-up treatment, including physical therapy and medication. An MRI scan taken in April 2003 disclosed no evidence of recurrent disc herniation. In July 2003 Dr. Gillespie felt claimant was at "maximum medical improvement" and agreed to see claimant on an "as needed" basis. Although claimant testified that he continued to experience back and leg pain following his May 2002 injury, he no longer required medication to manage his pain.

Claimant testified that while at work on Friday, August 4, 2003, he bent down and lifted a box of metal washers from a wooden pallet. Later in the day he felt pain and numbness in both his legs. He stated that he advised his employer of this incident two (2) days after it occurred.

Medical records indicate claimant returned to Dr. Gillespie on August 7, 2003. In his office notes from that day, Dr. Gillespie reported that "[o]n Monday, without any obvious cause, [claimant] awakened with increasing symptoms of low back pain radiating down both legs, associated with numbness from the midcalf down, both anteriorly, and posteriorly." Because of these new complaints, Dr. Gillespie recommended another MRI to ascertain if claimant had suffered a recurrent disc herniation. According to a radiologist, claimant's MRI revealed no significant changes since the previous MRI scan taken in April of 2003.

In view of his new complaints, Dr. Gillespie took claimant out of work after the August 7, 2003 examination. On August 25, 2003, Dr. Gillespie noted that "it does not appear that [claimant] will be able to return to work with his previous 30lb lifting limit." In September 2003, claimant was diagnosed with "mechanical back pain syndrome" and Dr. Gillespie advised that he continue working "at very light duty." Additionally, Dr. Gillespie indicated he was considering fusion surgery.

In a letter to claimant's counsel dated October 27, 2003, Dr. Gillespie reported that he had reviewed claimant's chart and determined that claimant's current problems were "due to an exacerbation of his pre-existing back injury of May 30, 2002." He also indicated that the claimant's exacerbation "could very well be due to his picking up a box of washers on August 1, 2003." Both Dr. Gillespie and his partner, Dr. Schubert, reported jointly in a November 24, 2003 letter that claimant had reached maximum medical improvement following his first surgery. They concluded that claimant's present problem "is related to his initial injury which was exacerbated by a new work related injury at work in late July or August of this year."

The full commission explained:

> Our review of the evidence . . . leads us to conclude that the claimant suffered more than a mere increase in symptoms while working in August 2003. Prior to the incident involving the box of washers, the claimant was capable of performing rather significant light duty work. This conclusion is supported by both the claimant's testimony regarding his work capacity and Dr. Gillespie's office note dated July 15, 2003 - when Dr. Gillespie indicated that the claimant had reached maximum medical improvement from his May 2002 injury. However, the claimant experienced immediate disability following the August 2003 incident. When he returned to Dr. Gillespie on August 7, 2003, his pain had increased, he was having difficulty walking and he was using a cane. Because of the claimant's new symptoms, Dr. Gillespie immediately removed the claimant from work.
>
> Taking into account these facts, along with the opinion of both Dr. Gillespie and Dr. Schubert that the claimant's new injury in the [sic] July or August 2003 exacerbated his chronic back condition, we conclude that the claimant sustained a new injury by accident in August 2003.

The commission also affirmed the deputy commissioner's award of temporary total disability from August 7, 2003 through September 7, 2003, and temporary partial disability from September 8, 2003 forward, and continuing.

This appeal follows.

ANALYSIS

Employer argues that claimant did not suffer a new injury on August 1, 2003. Instead, it contends claimant aggravated a prior compensable injury.[1] We disagree.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Thus, if credible evidence supports the commission's finding that claimant proved an identifiable incident resulting in a sudden mechanical change in his body, that finding is conclusive on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). In addition,

> aggravation of an old injury or a pre-existing condition is not, per se, tantamount to a "new injury." To be a "new injury," the incident giving rise to the aggravation must, in itself, satisfy each of the requirements for an "injury by accident arising out of . . . the employment."

First Federal Savings & Loan Ass'n v. Gryder, 9 Va. App. 60, 63, 383 S.E.2d 755, 758 (1989).

Unless we can say as a matter of law that claimant failed to sustain his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970). Thus, "[t]he [c]ommission's finding of fact that [a subsequent] injury was . . . a new accident is binding on appeal if supported by credible evidence." Board of Supervisors v. Martin, 3 Va. App. 139, 142, 348 S.E.2d 540, 541 (1986).

On brief, employer concedes that claimant's act of lifting the box of washers is a sufficient "identifiable incident or sudden precipitating event." Thus, our inquiry is limited to

---

[1] While both are compensable under the Workers' Compensation Act, the distinction is significant, as American Interstate Insurance Company insured employer at the time of the original compensable injury, and Virginia Surety Company insured employer at the time of the subsequent incident.

- 4 -

whether that incident resulted in an "obvious sudden mechanical or structural change" in claimant's body. See Morris, 238 Va. at 589, 385 S.E.2d at 865. Again, this is a factual finding. See Martin, 3 Va. App. at 142, 348 S.E.2d at 541.

The material facts are not in dispute. Claimant testified that prior to the August 1, 2003 incident he was able to work his regular job with a thirty (30) pound weight limit. While he was never completely pain free, Dr. Gillespie determined that claimant had reached maximum medical improvement from his prior work injury. During claimant's July 2003 office visit with Dr. Gillespie, claimant reportedly felt "fairly comfortable" with a "normal gait." The report did not mention any pain radiating to his legs or numbness in his legs. In fact, claimant had not complained of numbness nor radiating pain since April 9, 2003. After the August 1, 2003 incident, claimant suffered increased pain in his back radiating down both legs, with numbness, had difficulty walking, and walked with a cane. Dr. Gillespie took him out of work for a week, and then placed him on greater work restrictions. Clearly, claimant's symptoms increased and his ability to function decreased. Drs. Gillespie and Schubert, in their letter of November 24, 2003, said it was a "new work related injury." The commission could reasonably have inferred that the act of picking up the metal washers, when claimant felt radiating pain and numbness, caused a sudden mechanical or structural change in claimant's back, ultimately resulting in an increase in his back pain. See Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983) ("If there is evidence or [a] reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed . . . on appeal, even though there is evidence in the record to support contrary findings of fact.").[2]

---

[2] Employer argues the commission never addressed whether claimant suffered a sudden mechanical or structural change in his body. Yet, in order to conclude that claimant suffered a new injury, it implicitly had to find a sudden mechanical or structural change since there can be no new injury without a sudden mechanical or structural change.

While a comparison of the MRI scans revealed no changes, this evidence is not dispositive of whether there was a sudden mechanical or structural change. The fact that contrary evidence may appear in the record is of no consequence, as credible evidence supports the commission's finding. City of Norfolk v. Lillard, 15 Va. App. 424, 429-30, 424 S.E.2d 243, 246 (1992). We find, based upon this record, credible evidence to support the commission's finding that claimant's increased back pain was caused by a new injury incurred while lifting a box of metal washers at work.

We next address whether the commission erred in awarding claimant indemnity benefits from September 8, 2003 through present and continuing. Employer argues that the medical record and evidence presented are insufficient to establish claimant's alleged disability from September 8, 2003 through the present. We do not agree.

There is no presumption in the law that once a disability has been established, a claimant will be assumed to remain disabled for an indefinite period of time. Hercules, Inc. v. Carter, 14 Va. App. 886, 419 S.E.2d 438 (1992). To the contrary, a party seeking compensation bears the burden of proving his disability and the periods of that disability. Marshall Erdman & Assocs. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 150 (1997).

The commission's determinations regarding the nature and duration of a claimant's disability are findings of fact. Thus, unless we can say as a matter of law that claimant's evidence failed to sustain his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko, 210 Va. at 699, 173 S.E.2d at 835.

The commission explained that while there are no medical records in the commission's file pertaining to the claimant's treatment or condition after October 2003, the earlier records of Drs. Gillespie and Schubert indicate that claimant's initial work restriction would be "permanent" due to his "chronic" back condition. The commission further recognized that after

claimant sustained his new injury and his condition worsened, Dr. Gillespie placed claimant on "very light duty work," and recommended fusion surgery. The commission's opinion reflects that it thoroughly considered the entire record and found the evidence sufficient to sustain claimant's burden of proof. The commission's award of benefits is affirmed.

<u>Affirmed.</u>
